*69 Curia, per
O’Neall, J.
I will consider and first dispose of the defendant’s 4th ground. In this State, we have no such thing in practice as a voucher, technically so called, and as practised in England. A notice to the warrantor to come in and support the title of the warrantee, is used in its place. In Davis vs. Wilbourne, 1 Hill, 28-29, Judge Johnson, with the concurrence of the whole Court of Appeals, undertook to lay down the rules by which it ought to be regulated. He said: “ In cases within the summary jurisdiction, it (the notice from the warrantee to the warrantor,) ought, if practicable, to be given at or before the return of the process. In cases within the general jurisdiction, notice at any time before the expiration of the rule to plead, would seem to be in time. The object is to enable the warrantor to come in and defend his title. He ought, therefore, to have a reasonable time to prepare for it, and the time which the law allows to a defendant, furnishes, perhaps, the safest rule. In the first class of cases, however, the process might be served on the last hour of the last day, before the return, so as to render the service of the notice impracticable before the return. In those cases, notice within a reasonable time afterwards, would be all that could be expected. So, where the warrantee had entered an appearance, and put in his plea to the merits, I should think that notice even after the continuance, if the warrantor had sufficient time to prepare evidence for the trial, would be sufficient.” It is under this last rule that the case before us must be adjudged; for the plaintiff in this case, in the case of the heirs of Earle vs. him, did enter an appearance, and plead to the merits. If the notice given to this defendant were in sufficient time to enable him “to prepare evidence for the trial,” it would surely be “ in reasonable time.” Two months, and probably more, were given to the defendant before the case was tried. He lived in Greenville, the case was to be tried in Charleston. The time, it seems to me, was ample for all purposes of defence, and therefore the notice was in reasonable time.
2d. The defendant’s second ground will be next considered. The record in the case of the heirs of Earle vs. Gen. Thompson, was received in evidence. Its admissibility is now to be examined. Generally, a record is not to *70 be received in evidence against others than parties and privies. But to this rule there are some exceptions, as where it is offered to prove the fact that such a suit and recovery-existed, and the quantum of damages thereby sustained by the plaintiff; for such purposes it is admissible against stangers. When thus received, it concludes and estops the defendant in none of the matters which were in issue between the parties. The case of Waldo vs. Long, 7 J. R. 174, is full to this point. In that case, which was an action of covenant brought by the warrantee against the warrantor, on a covenant against incumbrances, the plaintiff gave in evidence a mortgage, executed by his warrantor prior to the deed to him, to Wm. Porter, and then offered in evidence the postea in the cause of Jackson ex dem. Wm. Porter and others against him, brought on the mortgage, and the bill of costs which had accrued, and which he was liable to pay, in consequence of the recovery. No notice of the suit had been given to the warrantor. It was held by the court, that the postea was admissible, inasmuch as it was evidence of the existence of the ejectment suit upon the mortgage, and of the fact of a verdict in such a cause, and that the bill of costs was thereby a proper item of the damages which the jury might find. So, if a judgment come in collaterally to furnish evidence oí a fact not directly in issue, it may be received, as in Koogler ads. Huffman, 1 M’C. 495, where a record in the court of equity was received in evidence in a court of law, against a stanger, to prove that a person executing a deed as attorney, had power to do so from his principal. In that case Judge Colcock stated the true view when he said, “ All that is meant b.y the rule is, that the rights of a party cannot be determined on, conclusively, unless he be a party.” These authorities sufficiently vindicate the reception of the evidence; and when it was connected with the recovery in the case of Earle vs. Middleton, oí which the defendant had notice, there can be no doubt that it was properly in evidence for every purpose for which it was received below; for in that case the whole of those proceedings are set out and referred to, and even without giving them in evidence, they would have been fully proved by that case.
3d. This brings up the question, whether the evidence *71 given in the cause shewed a breach of the covenants of seizen and quiet enjoyment on the part of the defendant. The record of Earle vs. Middleton, in which the defendant had regular notice to come in and defend, concludes him of every thing which was then necessarily in issue. In that case, the plaintiffs were bound to shew that they were evicted by a title paramount to that which they derived from Middleton. So far there can be no doubt. When the defendant was made a party by notice, the same legal result followed against him; for then, the conclusion is, that the title by which the heirs of Earle were evicted, was also paramount to the title conveyed by Thompson to Middleton; and this conclusion is much strengthened by the fact that the title stated in the record as that by which the heirs of Earle were evicted, is laid to be paramount to Middleton’s, and as existing in a stranger to his title. If the defendant be concluded by notice, and failure to come in and defend, by every thing stated in the record, then he is concluded in this case, and the other evidence on the part of the plaintiff was unnecessary, and that on the part of the defendant ought not to have been received. But I think that recovery only concluded him so far that he could not dispute the facts put in issue by it; that is, that the eviction took place by title paramount to Middleton’s ; and until the contrary appears, that is understood to be the title which he derived from Thompson, the defendant. This cast upon the defendant the burden of shewing that, notwithstanding the eviction was by title paramount to Middleton’s title, conveyed to Earle, that yet it was not paramount to his, as that Middleton had conveyed to another before he conveyed to Earle; or that after he (the defendant,) had conveyed to Middleton, he had permitted a stranger to intrude on the land, and remain in possession until the statute of limitations had defeated his title. This opportunity of defending himself was given to the defendant, and he was even permitted to shew, if he could, that notwithstanding the recoveries, the title which he conveyed to Middleton was good and legal. In this he signally failed, and ought not now to complain. The motion is dismissed.
Earle, J., concurred.